# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA STATESVILLE DIVISION

Civil Action No.: 5:21-cv-00120-KDB-DSC

| | |
|---|---|
| Nickie Mullins, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Monarch Recovery Management, Inc., a Pennsylvania Corporation, <br><br> Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **(Class Action)** |

Plaintiff Nickie Mullins ("Mullins" or "Plaintiff"), on behalf of herself and all others similarly situated, through counsel, file this Class Action Complaint against Monarch Recovery Management, Inc. (hereinafter, "Defendant") and states as follows:

## NATURE OF THE ACTION

1. Action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), North Carolina Collection Agency Act, N.C.G.S. § 58-70 *et seq.* ("NCCAA"), and North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* ("NCDCA").

2. Defendant unreasonably disclosed, communicated and/or publicized information regarding Plaintiff's debt and all others similarly situated to another person.

3. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all consumers Defendant unlawfully communicated consumer debt, in violation of North Carolina and Federal law as further set forth herein.

## JURISDICTION AND VENUE

4. The foregoing allegations are incorporated by reference as if fully set forth herein.

5. The Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332(d)(2), 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) as Defendant regularly conducts business in this state; a substantial part of the events giving rise to the claim took place in this district; and Plaintiff Faulds is domiciled in this judicial district.

## PARTIES

7. Plaintiff Mullins is a citizen and resident of Caldwell County, North Carolina, a "consumer" as defined in 15 U.S.C. 1692a(3), N.C.G.S. § 58-70-90(2) and N.C.G.S. § 75-50(1), and allegedly owes a "debt" as defined in 15 U.S.C. 1692a(5), N.C.G.S. § 58-70-90(3) and N.C.G.S. § 75-50(2) to Defendant.

8. Defendant is a Pennsylvania corporation, existing under the laws of the State of Pennsylvania, with a principal office and place of business at 212 South Tryon Street Suite 1000 Charlotte, NC 28281, duly domesticated in the State of North Carolina by filing with the North Carolina Secretary of State's Office on March 12,

2

Case 5:21-cv-00120-KDB-DSC    Document 6    Filed 09/03/21    Page 2 of 15

1997. Defendant transacts business in this state and throughout the country.

## FACTUAL ALLEGATIONS

9. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and N.C.G.S. § 75-50(3), and a "debt collection agency" as defined in N.C.G.S. §§ 58-70-90(1) and 58-70-15(a)-(b).

10. Defendant is regularly engaged in the business of collecting debt allegedly owed by consumers to others for profit in the State of North Carolina. Its employees, affiliates, directors, agents, vendors, and attorneys act under the direction and supervision of Defendant within the scope of their actual or apparent authority. Therefore, Defendant is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, vendors and attorneys under, *inter alia*, the theory of *Respondeat Superior*. All references to Defendant mean Defendant, its owners, officers, agents, and/or employees.

11. The principal purpose of Defendant's business is debt collection.

12. Defendant uses instrumentalities of intrastate and interstate commerce, including telephone and mail in furtherance of its debt collection business.

13. Defendant alleges Plaintiff owes a debt ("Debt").

14. The Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15. The Debt does not arise from any business enterprise of Plaintiff.

16. The Debt is a "debt" as that term is defined in 15 U.S.C. § 1692a(5) and

N.C.G.S. § 75-50(2).

17. At exact time known only to Defendant, the Debt was transferred to Defendant for collection.

18. Upon information and belief, at time the Debt was transferred to Defendant for collection, the Debt was in default.

19. In effort to collect the Debt, Defendant contacted Plaintiff by written correspondence.

20. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant used a third-party vendor to perform such activities on its behalf.

21. As part of utilization, Defendant conveyed information regarding the Debt to the third-party vendor.

22. Defendant's conveyance of information regarding the Debt to third-party vendor is a communication as that term is defined in 15 U.S.C. 1692a(2).

23. Defendant's conveyance of information regarding the Debt to third-party vendor is an unreasonable publication as described in N.C.G.S. § 58-70-105 and N.C.G.S. § 75-53.

24. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

25. Plaintiff Mullins received and read three letters dated August 18, 2020, September 20, 2020 and October 6, 2020 concerning a Debt in the amount of

$2,008.49.

26. The letters received by Plaintiff are referred to hereafter as "Letters."

27. The Letters were the initial written communication Plaintiff received from Defendant concerning the Debt.

## CLASS ACTION ALLEGATIONS

28. The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

29. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of the following classes which are tentatively defined as:

> **NC Class**: All consumers throughout the State of North Carolina where Defendant sent information concerning consumers' Debt to a third party without written permission of the consumer, which disclosure was made on or after a date four (4) years prior and to the filing of this Complaint.
>
> **FDCPA Subclass:** All consumers in North Carolina where Defendant sent information concerning consumers' Debt to a third party without prior consent of the consumer, which disclosure was made on or after one (1) year prior to the filing of this Complaint.

30. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

31. *Numerosity*: Plaintiff is unable to provide a specific number of members in each of the classes because that information is solely in the possession of

Defendant. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, each class contains at least hundreds of consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

32. *Commonality*: Common questions of law and fact predominate over any individual issues that may be presented, because Defendant's conveyance of information to a third party in a single action or series of actions constituted thousands of unlawful disclosures at substantially the same time. Common questions include, but are not limited to:

    a. Whether Defendant's transmission of information concerning the Debt of Plaintiff and all others similarly situated constitutes a violation of the FDCPA;

    b. Whether Defendant communicated with any person other than the consumer, his attorney, consumer reporting agency, the creditor, or the attorney of the creditor, in connection with the collection of any debt in violation of the FDCPA;

    c. Whether Defendant unreasonably publicized information regarding a consumer's debt in violation of the NCCAA;

    d. Whether Defendant unreasonably publicized information regarding a consumer's debt in violation of the NCDCA;

    e.  Whether Defendant communicated with any person other than the debtor or his attorney in violation of the NCDCA and NCCAA.

  33. *Typicality*: The claims of Plaintiff are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of Defendant's conduct.

  34. *Adequate Representation*: Plaintiff is an adequate representative of the Classes in that she does not have antagonistic or conflicting claims with other members of the class. Plaintiff has retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

  35. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

  36. *Predominance and Superiority*: The classes are appropriate for certification because questions of law and fact common to the members of the classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impracticable. Should individual class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court

7

Case 5:21-cv-00120-KDB-DSC Document 6 Filed 09/03/21 Page 7 of 15

system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.***
**(On behalf of the FDCPA Sub-Class)**

37. The forgoing allegations are hereby incorporated by reference as if fully set forth herein.

38. Defendant acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. Defendant acted as a "debt collector" in contacting Plaintiff.

40. Plaintiff and all members of the Classes are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

41. At all material times, Plaintiff's debt and the debts of the Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

42. Defendant has collected debt in violation of 15 U.S.C. § 1692c(b), in that it disclosed information to a third party without prior consent of the consumer.

43. FDCPA section 1692c(b) states in pertinent part that "without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a

consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

44. The third party does not fall within any exceptions provided for in 15 U.S.C. § 1692c(b).

45. The United States Court of Appeals for the Eleventh Circuit has recently ruled that a **Defendant's transmittal of a Plaintiff's personal debt-related information to a third-party letter preparation vendor constitutes a communication "in connection with the collection of any debt" within the meaning of 15 U.S.C. § 1692c(b) and such action, without the debtor's authorization, constitutes a violation of said statute**. *See,* Hunstein v. Preferred Collection & Mgmt. Servs., Inc., No. 19-14434, 2021 WL 1556069, (11th Cir. Apr. 21, 2021).

46. In *Hunstein, Id.*, the debt collector ("Preferred Collection and Management Services, Inc.") electronically transmitted data regarding a consumer's ("Mr. Hunstein") debt, namely, his status as a debtor, the balance of the debt, the entity to which he owed the debt and the subject of such debt to a third-party vendor, for the purpose of creating, printing and mailing a "dunning" letter to the debtor.

47. The core facts presented to the Appeals Court in Hunstein's case are virtually identical to those alleged in this Complaint.

48. Here, Plaintiff did not consent to Defendant's communication to the third party concerning the Debt.

49. Plaintiff did not consent to Defendant's communication to the third

party concerning Plaintiff's personal and/or confidential information.

50. Plaintiff did not consent to Defendant's communication with anyone concerning the Debt or Plaintiff's personal and/or confidential information.

51. Upon belief, Defendant has used a third party for these purposes thousands of times.

52. Defendant uses third party for the sole purpose of maximizing profits.

53. Defendant uses third party without regard to the propriety and privacy of the information it discloses to such third party.

54. Defendant uses third party with reckless disregard for the harm to Plaintiff and the Sub-Class that could result from Defendant's unauthorized disclosure of private and sensitive information.

55. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt.

56. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

57. Defendant disclosed Plaintiff's private and sensitive information to a third party in violation of 15 U.S.C. § 1692f.

58. As a result of Defendant's unlawful conduct, Plaintiff and the Class members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

### SECOND CAUSE OF ACTION
**Violations of North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.*
(On behalf of the NC Class)**

59. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

60. Defendant is a "debt collector" as defined by the NCDCA, N.C.G.S. § 75-50.

61. Plaintiff and the North Carolina Class are "consumers" as that term is defined by N.C.G.S. § 75-50.

62. N.C.G.S. § 75-53 prohibits debt collectors from unreasonably publicizing information regarding a consumer's debt including, but not limited to, any communication with any person other than the debtor or his attorney.

63. Defendant violated N.C.G.S. § 75-53 by communicating consumer debt information to a third party without the written permission of the debtor.

64. Plaintiff, and others similarly situated, is entitled to recover statutory damages under the NCDCA for each instance in which an improper communication occurred.

65. As a result of Defendant's unlawful conduct, Plaintiff and the Class members are entitled to actual and statutory damages, reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**Violation of the North Carolina Collection Agency Act,
N.C.G.S. § 58-70, *et seq.*
(On behalf of the NC Class)**

66. The foregoing allegation are hereby incorporated by reference as if fully restated herein.

67. Defendant is a "debt collection agency" as defined by the NCCAA, 58-70-

90(1).

68. Plaintiff and the NC Class are "consumers" as defined by N.C.G.S. 58-70-90(2).

69. N.C.G.S. § 58-70-105 prohibits a debt collection agency from unreasonably publicizing information regarding a consumer's debt including, but not limited to, any communication with any person other than the debtor or her attorney.

70. Defendant violated N.C.G.S. § 58-70-105 by communicating consumer debt information about Plaintiff and Class members to a third party without the written permission of the Plaintiff and Class members.

71. Plaintiff, and others similarly situated, are entitled to recover statutory damages under the NCCAA for each instance in which an improper communication occurred.

72. As a result of Defendant's unlawful conduct, Plaintiff and the Class members are entitled to statutory penalties, reasonable attorney's fees and costs.

**FOURTH CAUSE OF ACTION**
**Violation of the North Carolina Unfair and Deceptive Trade Practices Act:**
**N.C.G.S. § 75-1.1**
**(On behalf of the NC Class)**

73. The foregoing allegations are hereby incorporated by reference as if fully set forth herein.

74. Pursuant to N.C.G.S. § 50-70-130(d), "the specific and general provisions of [the NCCAA] shall constitute unfair and deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce [regulated by this Article]."

75. Pursuant to N.C.G.S. § 75-56(a), "the specific and general provisions of

[the NCDCA] shall exclusively constitute the unfair or deceptive acts or practices proscribed by G.S. 75-1.1 in the area of commerce regulated by this Article."

76. Defendant's operation with consumers and consumer Debt constitutes commerce.

77. N.C.G.S. § 75-1.1 (the "UDTPA") prohibits "unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce."

78. The specific acts by Defendant are in or affecting commerce.

79. The specific acts by Defendant are unfair and deceptive, as defined by the UDTPA.

80. Plaintiff has been subjected to pecuniary and non-pecuniary injuries resulting from Defendant's unfair and deceptive conduct.

81. Plaintiff and others similarly situated are entitled to recover treble damages (for violations of the NCDCA), attorney's fees and costs if allowed by the discretion of the Court pursuant to Chapter 75 of the North Carolina General Statutes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

2. Finding Defendant violated the FDCPA;

3. Finding Defendant violated the NCCAA;

4. Finding Defendant violated the NCDCA;

5. Adjudging Defendant liable under the causes of actions asserted above, and awarding Plaintiff and the members of the NC Class and FDCPA Sub-Class (collectively, "Class members") actual and statutory damages pursuant to 15 U.S.C. 1692k, N.C.G.S. § 58-70-130 and N.C.G.S § 75-56;

6. Awarding Plaintiff and Class members their reasonable attorney's fees and costs pursuant to the FDCPA, NCCAA and NCDCA;

7. That the compensatory damages of Plaintiff and the Class members under the NCDCA be trebled by the Court pursuant to Chapter 75 of the North Carolina General Statutes;

8. For punitive damages to the extent allowed by law;

9. The costs of this action be taxed against Defendant;

10. For a trial by jury on all issues so triable;

11. Awarding pre and post judgment interest as allowed by law; and

12. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 3rd day of September, 2021.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328

Patrick M. Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
sharris@milberg.com
pwallace@milberg.com

*Attorneys for Plaintiff and the putative Classes*