IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil Action No.: 5:21-cv-120 -KDB-DSC

| | |
|---|---|
| NICKIE MULLINS, *On Behalf of herself and All Others Similarly Situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) **CONSENT PROTECTIVE ORDER** |
| MONARCH RECOVERY MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) ) ) |

The parties move the Court for entry of this Consent Protective Order to expedite the flow, of discovery materials to facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("confidential materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. <u>General Scope of the Agreement</u>: This Consent Protective Order shall govern certain documents as well as other information and materials produced pursuant to any subpoena or other discovery request and all copies, excerpts or summaries thereof, specifically including but not limited to, answers to requests for admission, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) consumer financial

1

information, including without limitation information related to Plaintiff and putative class members' debt; (b) personal identifying information, including but not limited to: social security numbers, account information, and other personal records; (c) confidential or proprietary business and personal information; and (d) any and all portions of documents, contracts, and/or agreements with any vendors, clients, or third-parties that pertain to the business relationship between either Plaintiff or Defendant and the applicable third-party.

2. <u>Designation as Confidential</u>. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to requests for admission, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein. Personal information (including, for example, Social Security numbers), is subject to redaction from Confidential information.

3. <u>Procedure for Designating Information as Confidential</u>. Parties may designate confidential materials in the following manner, provided such designation is based on a good faith belief by counsel for the designating party that such materials are in fact confidential:

(a) In the case of documents or other written materials, by affixing to each page of the document, at the time of such production, the word "Confidential" by stamp or other method, which will make the word conspicuous;

2

(b)  In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential".

(c)  In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed.

4. Restricted Use of Confidential Information.

(a)  Documents/information designated as "Confidential" pursuant to paragraphs 1 and 2 of this Order shall be used solely for the purposes of this action.

(b)  Documents produced pursuant to this Order shall not be used for any purpose other than this litigation and/or as evidence in this litigation.

5. Acknowledgement of Agreement. All persons to whom "Confidential" material is disclosed pursuant to Paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive "Confidential" material pursuant to Paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them.

6. Use of Confidential Materials in this Case. Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Nothing in this Order shall prevent or impair the use by a party of confidential materials as set forth in Paragraphs 1 and 2 hereof in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing,

conference, or trial before the Court. However, the parties shall comply with Section II(I) of the ECF Administrative Procedures with respect to the use and filing of materials designated "Confidential". Notwithstanding the parties' designation of materials as "Confidential", all such materials considered by the Court on dispositive motions or at trial shall be public documents.

7. <u>Right to Object</u>. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds including, but not limited to: privilege, over broad, unduly burdensome, and/or relevancy. Additionally, this Order is not intended to replace the Federal Rules of Civil Procedure, nor is either party waiving any rights to object to the scope of a request for discovery or production of documents. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to "Confidential" material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modifications of this Order.

8. <u>Disclosure</u>.

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this Order shall prevent any party from producing any document or information in his, her or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which material designated confidential are sought.

9. <u>Return of Confidential Information</u>. All confidential material shall be returned to the producing party within ninety days of the conclusion of this civil lawsuit, including conclusion of any appeal. However, the party receiving production of confidential material, at its election, may destroy the "Confidential" material in the normal course of business.

10. <u>Modification of Order</u>. This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

11. <u>Protection of Copies</u>. All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Order as the "Confidential" materials from which such copies, extracts or summaries were prepared, if properly designated.

12. <u>Notices</u>. Notice required under this Order shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

13. <u>Effective Date</u>. This Order shall be effective immediately upon entry.

**SO ORDERED.**

Signed: March 16, 2022

David S. Cayer
United States Magistrate Judge

*AGREED TO*:

| | |
|---|---|
| **MARGOLIS EDELSTEIN** | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC** |
| /s/ *Ronald M. Metcho* | s/ *S. Michael Dunn* |
| Ronald M. Metcho | Scott C. Harris |
| 220 Penn Avenue | N.C. Bar No.: 35328 |
| Suite 305 | Patrick Wallace |
| Scranton, PA 18503 | N.C. Bar No.: 48138 |
| Telephone: (570) 342-4231 | S. Michael Dunn |
| rmetcho@margolisedelstein.com | N.C. State Bar No.: 47713 |
| | 900 W. Morgan Street |
| *Counsel for Defendant* | Raleigh, North Carolina 27603 |
| | Telephone: (919) 600-5000 |
| | Facsimile: (919) 600-5035 |
| | sharris@milberg.com |
| | pwallace@milberg.com |
| | Michael.dunn@milberg.com |
| | |
| | *Counsel for Plaintiff and the proposed class* |