IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 5:21-CV-00120-KDB-DSC

| | |
|---|---|
| NICKIE MULLINS, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> MONARCH RECOVERY MANAGEMENT INC., <br><br> Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff Nickie Mullins' Motion for Partial Judgment on the Pleadings (Doc. 19) and the parties' briefs.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Plaintiff's Motion be <u>denied</u> as discussed below.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Answer to the Amended Complaint (Doc. 11) as true, Defendant Monarch Recovery Management Inc. was assigned Plaintiff Nickie Mullins' account on June 2, 2020, for collection of debts owed by her. As part of its efforts to collect,

Defendant engaged a vendor to send Plaintiff three collection letters dated June 4, 2020, August 18, 2020, and October 6, 2020.

Plaintiff alleges these letters, and similar letters sent to members of the putative class, violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* (the "NCDCA"), the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.*

Plaintiff filed her class action Complaint in Caldwell County Superior Court on June 30, 2021. Defendant removed the case to this Court under 28 U.S.C. §§ 1331 and 1441(b) on August 12. Plaintiff amended her Complaint on September 3, 2021 and brings claims under the above-mentioned statutes. Doc. 6. She moved for partial judgment on the pleadings on her claims arising under the NCDCA and the FDCPA. Doc. 19. Defendant asks the Court to stay the proceedings in anticipation of an *en banc* ruling by the Eleventh Circuit in Hunstein v. Preferred Collections & Mgmt. Servs., Inc., No. 8:19-cv-983-T-60SPF, 2019 WL 5578878 (M.D. Fla. Oct. 29, 2019). Doc. 22.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp.2d 617, 622 (W.D.N.C. 2004). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Id. The court may consider the complaint, answer, and any materials attached to those pleadings or motions for judgment on the pleadings "so long as they are integral to the

2

Case 5:21-cv-00120-KDB-DSC    Document 25    Filed 05/26/22    Page 2 of 8

complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Fed.R.Civ.P. 10(c) (stating that "an exhibit to a pleading is part of the pleading for all purposes."). Unlike a Rule 12(b)(6) motion, the court may consider the answer as well on a Rule 12(c) motion. Alexander v. City of Greensboro, 801 F.Supp.2d 429, 433 (M.D.N.C. 2011).

Although a motion for judgment on the pleadings pursuant to Rule 12(c) is separate and distinct from a motion to dismiss under Rule 12(b)(6), federal courts apply the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6). Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper technical, code pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293

(4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

## DISCUSSION

I.   **Plaintiff's Motion on her NCDCA claim should be denied.**

A plaintiff must establish three elements to state a claim under the NCDCA: (1) the obligation must be a "debt"; (2) the person owing the obligation must be a "consumer"; and (3) the one trying to collect the obligation must be a "debt collector." Musenge v. SmartWay of the Carolinas, LLC, No. 3:15-cv-153-RJC-DCK, 2018 WL 4440718, at *3 (W.D.N.C. Sept. 17, 2018) (citing Reid v. Ayers, 138 N.C. App. 251, 263, 531 S.E.2d 231, 233 (2000)). A "debt" is an "obligation owed or due or alleged to be owed or due from a consumer." N.C.G.S. § 75-50(2). A "consumer" is a person who has "incurred a debt or alleged debt for personal, family, household or agricultural purposes." Id. § 75-50(1). A "debt collector" is any person "engaging, directly or indirectly, in debt collection from a consumer" subject to certain exceptions not relevant here. Id. § 75-50(3).

To establish that she is a "consumer" and the debt is a "debt" as defined by these provisions, Plaintiff relies solely on admissions made in Defendant's Answer. Defendant admits to "at times" acting as a "debt collector" as defined by N.C.G.S. § 75-50(3). Doc. 11, ¶¶ 9, 60. Defendant also admits that it "acted as a debt collector during its attempts to recover Plaintiff's debt obligation[,]" albeit in response to an allegation in the Complaint that did not expressly invoke the statutory definition of "debt collector." Docs. 11, ¶ 39; 6, ¶ 39. Because a debt collector as defined by the NCDCA is one who collects debts from a "consumer," Plaintiff contends that Defendant has admitted that she meets the NCDCA's definition of a "consumer." Seeking to carry these nested admissions further, Plaintiff then argues the debt she owed as a "consumer" must also meet the NCDCA's definition of "debt."

But elsewhere in its Answer, Defendant expressly denies that Plaintiff is a "consumer" and the debt is a "debt" under those statutory definitions. While seemingly contradictory, the Answer does not resolve the application of the statutory requirements. Whether Plaintiff is a "consumer" and the debt is a "debt" turns on whether she used the funds "primarily for personal, family, household or agricultural purposes." She alleges the debt "does not arise from any business enterprise of the Plaintiff." Doc. 6, ¶ 15. Defendant denies. Doc. 11, ¶ 15. The pleadings furnish no other factual allegations regarding Plaintiff's use of the funds that might neatly place the debt within or without the statutory definition. Absent more, the undisputed facts do not establish these threshold elements to state a claim under the NCDCA. Plaintiff is not entitled to judgment as a matter of law.

For those reasons, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings on her NCDCA claim be <u>denied</u>.

**II.     Plaintiff's Motion on her FDCPA claim should be denied.**

A plaintiff must establish three elements to state a claim under the FDCPA: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Carter v. Capital One</u>, No. 3:20-cv-00684-FDW-DSC, 2021 WL 3366829, at *3 (W.D.N.C. Aug. 3, 2021) (quoting <u>Boosahda v. Providence Dane LLC</u>, 462 F. App'x 331, 333 n.3 (4th Cir. 2012). The FDCPA defines the terms "consumer debt" and "debt collector" in ways nearly identical to the NCDCA's definitions of "consumer," "debt," and "debt collector." 15 U.S.C. § 1692a (3), (5)-(6). Plaintiff relies on the same admissions in Defendant's Answer to establish the elements of her FDCPA claim. Her argument fails for the same reasons.

The undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings on her FDCPA claim be <u>denied</u>.

**III.    Defendant's request to stay proceedings pending a decision by the Eleventh Circuit <u>*en banc*</u> panel in <u>Hunstein v. Preferred Collection & Mgmt. Servs., Inc.</u> should be denied.**

In determining whether a stay is appropriate, a court must weigh the benefits of a stay against potential hardship to the non-moving party. <u>United States v. McClelland</u>, No. 5:05-CR-9-KDB-DCK-13, 2020 WL 901821, at *3 (W.D.N.C. Feb. 25, 2020) (citing <u>Landis v. N. American Co.</u>, 299 U.S. 248, 259 (1936)). The party seeking a stay bears the burden of showing that "clear and convincing circumstances outweigh[]" that potential hardship. <u>Id.</u> (quoting <u>Williford v. Armstrong World Indus., Inc.</u>, 715 F.2d 124, 127 (4th Cir. 1983)).

Defendant has not met this burden. It suggests the Eleventh Circuit's resolution of <u>Hunstein</u> will provide "clear directives" to the Court in determining whether Defendant's alleged communication of Plaintiff's debt information to the letter vendor constituted a "communication" under U.S.C. § 1692a (2). Doc. 22, p. 5. It balances the guidance this non-binding precedent might yield against the bald assertion that staying Plaintiff's case will not prejudice her in any way. A stay is not warranted here.

For those reasons, the undersigned respectfully recommends that Defendant's request to stay proceedings be <u>denied</u>.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's Motion for Partial Judgment on the Pleadings, Doc. 19, be **<u>DENIED</u>**. The undersigned further recommends that Defendant's request to stay proceedings, Doc. 22, be **<u>DENIED</u>**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: May 26, 2022

David S. Cayer
United States Magistrate Judge