**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00120-KDB-DSC**

|  |  |
|---|---|
| **NICKIE MULLINS,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **MONARCH RECOVERY MANAGEMENT, INC.,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on its own motion. In this action Plaintiff alleges that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* (the "NCDCA"), the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.* when it used a third party mail vendor to prepare and mail three debt collection letters to her between June and October 2020. Plaintiff initially filed her putative class action in North Carolina's Caldwell County Superior Court, and Defendant timely removed the case to this Court under 28 U.S.C. §§ 1331 and 1441(b) based on the alleged federal statutory violation. However, the notice of removal does not discuss or state any facts establishing that the parties have met the Court's Article III standing requirements. *See* Doc. No. 1. Indeed, Plaintiff moved to remand this action to state court on March 8, 2022, on the grounds of lack of standing, but then withdrew that motion. *See* Doc. Nos. 14-16.

Even where, as is apparently the circumstance here, the parties agree to have their dispute decided in federal court, the Court has an independent obligation to hear only those cases within

1

its limited jurisdiction. In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "[R]emoval statutes must be construed narrowly, and any doubt about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour v. Int'l Union*, 640 F.3d 599, 615 (4th Cir. 2011); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

Federal courts are limited by Article III of the United States Constitution to deciding actual "cases" or "controversies." U.S. Const. art. III § 2. If a plaintiff lacks standing, then there is no case or controversy, and the court lacks subject-matter jurisdiction over their claims. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 341; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (to establish injury in fact plaintiff's allegations must be sufficient to show she suffered a concrete harm).

Recently, in at least five cases in North Carolina federal courts involving nearly identical factual allegations and legal claims and the same plaintiff's counsel as this case, the courts found, pursuant to *Spokeo* and *TransUnion*, that the parties failed to establish an allegation of concrete harm and thus lacked the Article III standing necessary to support federal subject matter jurisdiction. *See Brown v. Alltran Fin., LP*, No. 1:21-CV-595, 2022 WL 377001, at *1 (M.D.N.C. Feb. 8, 2022); *Asbury v. Credit Corp Sols., Inc.*, No. 1:21-CV-650, 2022 WL 377011, at *1

(M.D.N.C. Feb. 8, 2022); *Hatchett v. Fin. Bus. & Consumer Sols., Inc.*, No. 1:21-CV-622, 2022 WL 377002, at *1 (M.D.N.C. Feb. 8, 2022); *Ghazaly v. First Nat'l Collection Bureau, Inc.*, No. 5:21-CV-362-FL, 2022 WL 2610431, at *1 (E.D.N.C. July 8, 2022); *Dunn v. Enhanced Recovery Co., LLC*, No. 21-CV-665, 2022 WL 2483577, at *3 (M.D.N.C. July 6, 2022). Based on this substantial and persuasive authority, the Court questions why this action should not similarly be remanded to state court based on a lack of standing.

Accordingly, the parties are ordered to, on or before October 7, 2022, either stipulate to the remand of this action back to the North Carolina Caldwell County Superior court or show cause why the parties have Article III standing sufficient to support federal subject matter jurisdiction. In the absence of a timely stipulation or a showing of good cause, the Court will remand this action to state court for the reasons fully stated in the authorities cited above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed:  September  22,

Kenneth D. Bell
United States District Judge