IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00120-KDB-DSC

| | |
|---|---|
| NICKIE MULLINS,<br><br>Plaintiffs,<br><br>v.<br><br>MONARCH RECOVERY MANAGEMENT, INC.,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is again before the Court on its own motion. In this action Plaintiff alleges that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.* (the "NCDCA"), the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.* when it used a third-party mail vendor to prepare and mail three debt collection letters to her between June and October 2020. Plaintiff initially filed her putative class action in North Carolina's Caldwell County Superior Court, and Defendant timely removed the case to this Court under 28 U.S.C. §§ 1331 and 1441(b) based on the alleged federal statutory violation. However, the notice of removal does not discuss or state any facts establishing that the parties have met the Court's Article III standing requirements. *See* Doc. No. 1. Indeed, Plaintiff moved to remand this action to state court on March 8, 2022, on the grounds of lack of standing, but then withdrew that motion. *See* Doc. Nos. 14-16.

Even where, as is the circumstance here, the parties agree to have their dispute decided in federal court, the Court has an independent obligation to hear only those cases within its limited

1

jurisdiction. In any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[I]t is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). "[R]emoval statutes must be construed narrowly, and any doubt about the propriety of removal should be resolved in favor of remanding the case to state court." *Barbour v. Int'l Union*, 640 F.3d 599, 615 (4th Cir. 2011); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008) (recognizing the court's "duty to construe removal jurisdiction strictly and resolve doubts in favor of remand").

Federal courts are limited by Article III of the United States Constitution to deciding actual "cases" or "controversies." U.S. Const. art. III § 2. If a plaintiff lacks standing, then there is no case or controversy, and the court lacks subject-matter jurisdiction over their claims. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*. at 341; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (to establish injury in fact plaintiff's allegations must be sufficient to show she suffered a concrete harm).

Recently, in at least five cases in North Carolina federal courts involving nearly identical factual allegations and legal claims and the same plaintiff's counsel as this case, the courts found, pursuant to *Spokeo* and *TransUnion*, that the parties failed to establish an allegation of concrete harm and thus lacked the Article III standing necessary to support federal subject matter jurisdiction. *See Brown v. Alltran Fin., LP*, No. 1:21-CV-595, 2022 WL 377001, at *1 (M.D.N.C. Feb. 8, 2022); *Asbury v. Credit Corp Sols., Inc.*, No. 1:21-CV-650, 2022 WL 377011, at *1

2

Case 5:21-cv-00120-KDB-DSC   Document 45   Filed 10/19/22   Page 2 of 6

(M.D.N.C. Feb. 8, 2022); *Hatchett v. Fin. Bus. & Consumer Sols., Inc.*, No. 1:21-CV-622, 2022 WL 377002, at *1 (M.D.N.C. Feb. 8, 2022); *Ghazaly v. First Nat'l Collection Bureau, Inc.*, No. 5:21-CV-362-FL, 2022 WL 2610431, at *1 (E.D.N.C. July 8, 2022); *Dunn v. Enhanced Recovery Co., LLC*, No. 21-CV-665, 2022 WL 2483577, at *3 (M.D.N.C. July 6, 2022). Based on this substantial authority, the Court questioned why this action should not similarly be remanded and ordered the parties to either stipulate to the remand of this action back to the North Carolina Caldwell County Superior Court or show cause why the parties have Article III standing sufficient to support federal subject matter jurisdiction. (Doc. No. 42).

In an October 12, 2022, response Defendant, with the consent of the Plaintiff, asked the Court to retain jurisdiction over this matter based on a very recent decision of this Court, *Ross v. Fin. Recovery Servs., Inc.*, No. 1:21-CV-00206, 2022 WL 4476755, at *1 (W.D.N.C. Sept. 26, 2022), which denied a motion to remand in a FDCPA case under similar facts on the grounds that the plaintiff's alleged harm was sufficiently related to an "invasion of privacy" claim. *Id*. at *4-5. However, Defendant's response failed to cite to the Court *Jenkins v. Ltd. Fin. Servs., L.P.*, No. 321CV00407, 2022 WL 4747527, at *2–3 (W.D.N.C. Sept. 30, 2022), an even more recent decision on the same issues which directly rejected the *Ross* "invasion of privacy" theory and ordered a remand to state court (in accord with the five earlier cases cited above).

Having now carefully reviewed all seven recent decisions on the question of Plaintiff's standing to assert her lone Federal FDCPA claim – on which the score is 6-1 in favor of a remand – the Court remains persuaded that Plaintiff has not sufficiently alleged standing based on a "concrete injury." In the absence of any alternative basis for federal jurisdiction, this case must be remanded to the appropriate North Carolina state court.

Plaintiff Mullins alleges that the letter-mailing vendor "populated" her private information "into a prewritten template," "printed" the letters, and "mailed" them to her. Doc. No. 6 at ¶ 24.

3

However, the Amended Complaint does not allege that the information forwarded to the third-party vendor was actually "read" by any person, that Plaintiff was aware that the collection letters she received were prepared by someone other than an employee of the Defendant or that she suffered any harm as a consequence of the use of the third-party vendor beyond the alleged statutory FDCPA violation.

As noted in *Jenkins*, the absence of an allegation that Plaintiff's information "was actually read and not merely processed," is significant. *See TransUnion*, 141 S. Ct. at 2210 n.6; *see also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 2022 WL 4102824, at *8 (11th Cir. Sept. 8, 2022) (en banc) (holding that the plaintiff lacked standing to bring an FDCPA claim where he "did not even allege that a single employee ever read or understood the information about his debt"); *id.* at *13–14 (Pryor, C.J., concurring). On its threshold, the common law tort of "invasion of privacy" depends on the public disclosure of information. *See* Restatement (Second) of Torts § 652D (Am. L. Inst. 1977) (tort allows a plaintiff to sue when someone "gives publicity to a matter concerning [her] private life."). "Publicity" means that "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* § 652D cmt. a. Mullins has failed to sufficiently allege that her private information was publicized in any actual, meaningful sense. Thus, she has not plead a claim sufficiently similar to the tort of "invasion of privacy" resulting from public disclosure.

Unread information does not inflict a traditionally recognized harm. *See TransUnion*, 141 S. Ct. at 2210 (stating that information that is not read "does not harm anyone"). Further, the Supreme Court has specifically questioned whether "disclosures to printing vendors [were]

4

actionable publications" at common law. *Id.* at 2210 n.6.[1] Indeed, it is fair to say that Plaintiff has only alleged that she has in effect suffered an "invasion of privacy" based on Defendant's computers communicating with its third party vendor's computers for the purpose of those computers and other equipment preparing automated letters.[2] Because Plaintiff does not allege that anyone read her private information nor any other allegations sufficient to plead the harm that an "invasion of privacy" claim based on public disclosure intends to remedy, she cannot maintain standing based on her assertion that her FDCPA claim is "closely related" to such a claim.

Therefore, in sum, Plaintiff merely alleges a "bare procedural violation[ ], divorced from any concrete harm." *TransUnion*, 141 S. Ct. at 2213. She thus lacks Article III standing to assert her FDCPA claim. There are no other valid grounds for the Court to assume jurisdiction and the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Accordingly, this case will be remanded to North Carolina's Caldwell County Superior Court.

---

[1] Moreover, applying Plaintiff's position more broadly, the finding of a FDCPA violation with respect to the mailing of debt collection letters – which are otherwise conceded to be fully lawful – allegedly turns on whether those involved with the preparation of the letters are all a defendant's actual "employees," as distinguished from, for example, "independent contractors" working alongside "employees." The Court strongly doubts that Congress intended such a result, which would of course be divorced from any real difference in the effect on a debtor, and how such a distinction could ever lead to a finding of the presence or absence of the "concrete harm" required to support a plaintiff's standing.

[2] To be clear, the Court does not hold that disclosure of personal information to a third party cannot ever form the basis of standing to assert a federal claim under the FDCPA or other statutes. *See, e.g., Garey v. James S. Farrin*, P.C., 35 F.4th 917, 921 (4th Cir. 2022). The Court's ruling here is strictly limited to the specific allegations of Plaintiff's Amended Complaint, which, for example, do not allege any data breach, broader disclosure of protected information, or other circumstances which might lead to a different result.

**NOW THEREFORE IT IS ORDERED THAT:**

1. This matter is remanded to North Carolina's Caldwell County Superior Court;

2. All pending motions in this action are **DENIED** as moot; and

3. The Clerk is directed to close this matter in this Court in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 18, 2022

Kenneth D. Bell
United States District Judge